IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ROBERT KIER, JR., : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | CIVIL No: 7:14-CV-0145-HL-TQL |
| SHERIFF CHRIS PRINE, et. al, : | |
| : | |
| Defendants. : | |

## ORDER

Plaintiff **ROBERT KIER, JR**, an inmate confined at the Coleman Low Federal Correctional Institution in Coleman, Florida, filed this *pro se* civil rights action under 42 U.S.C. § 1983.[1] After construing all allegations in the Complaint liberally and in the light most favorable to Plaintiff, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff's Complaint is accordingly **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(a), the district court is required to conduct a preliminary review of prisoner complaints. In so doing, the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* prisoner's pleading will, however, be dismissed prior to service if the court finds that the

---

[1] Plaintiff paid his initial partial filing fee of $23.93 and is also required to pay the remaining $326.07 of the filing fee under the payment plan set forth 28 U.S.C. § 1915(b)(1) and ordered herein.

complaint – when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b). See also, Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). If allegations in the complaint plainly show that relief is barred by the applicable statute of limitations, it fails to state an actionable a claim and thus is properly dismissed prior to service. See Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007); 28 U.S.C. § 1915A.

## II. PLAINTIFF'S CLAIMS

In this Complaint, Plaintiff alleges that Defendants – Sheriff Chris Prine and various detectives employed by the Lowndes County Sheriff's Office – violated this Fourth Amendment rights against unreasonable search and seizure. The Complaint states that "Detectives" conducted a warrantless search of Plaintiff's parents' home ("the home of Robert L. Kier, Sr. and Ms. Mary Ann Kier") on November 12, 2010. Two days later, Plaintiff went to the Lowndes County Jail and threatened to bring constitutional claims against "the Sheriff's Department." Detective Alicia Brantley then arrested Plaintiff, and while in custody, Plaintiff was questioned about a number of thefts in other counties. He states that the "Lowndes and Echols County Sheriff's Departments" then "coerced" officials in three other jurisdictions to issue warrants for Plaintiff's arrest "without probable cause," which resulted in Plaintiff being "falsely imprisoned" from "November 15, 2010 until May of 2011." The other counties allegedly dismissed those charges by December of 2012.

Defendants apparently continued to investigate Plaintiff in Lowndes County. Plaintiff alleges that Detectives Winningham and Black placed a "tracking device on Plaintiff's personal truck without a warrant" on or about February 17, 2012. Detectives Winningham, Marion,

Whitner, Priddy, Black and Prichett then allegedly conducted another "warrantless" search of his parents' home on February 22, 2012, which resulted in the seizure of a "gooseneck trailer." Then, a year later, on March 12, 2013, Detectives Winningham and Marion allegedly conducted yet another warrantless search, this time at "the home of Flasha Boatman." This search resulted in Plaintiff's arrest and the seizure of his truck. Plaintiff claims that while his truck was in the custody of "Lowndes County Detectives," money was stolen and his iPod was broken.

Plaintiff has now attempted to bring Fourth Amendment claims against Sheriff Chris Prine and Detectives Winningham, Marion, Black, Whitner, Priddy, Prichett, and Brantley.[2] The Court also liberally construes Plaintiff's allegations regarding his arrest on November 14, 2010, to be a possible First Amendment retaliation claim and Plaintiff's allegations about the loss of his personal property to be a potential Fourteenth Amendment due process claim.[3]

    A. <u>Fourth Amendment Search and Seizure</u>

Plaintiff attempts to bring Fourth Amendment claims based on four different "searches": two at his parents' home, one at the home of Ms. Boatman, and one based on "tracking device" placed on his truck. Plaintiff has no standing to bring a Fourth Amendment claim based on the search of another person's residence unless he can establish that he had a legitimate expectation of privacy in that home. See <u>Rawlings v. Kentucky</u>, 448 U.S. 98, 104–05, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980) (ownership of property seized does not automatically confer standing to challenge search). Plaintiff's Complaint does not allege that he had any such expectation. He has thus failed to state a Fourth Amendment claim based on those searches.

---

2 The Complaint states the Defendants also violated Plaintiff's Eighth Amendment rights. The Eighth Amendment has no application in the pre-conviction context, see <u>Hamm v. DeKalb Cnty.</u>, 774 F.2d 1567, 1571–72 (11th Cir. 1985), and Plaintiff does not allege any facts to support an Eighth Amendment claim. The Court will thus presume that the Eighth Amendment was cited in error. Plaintiff's "False Imprisonment" claims fall under Fourth Amendment.
3 The district court is "obligated, as part of its screening protocol, to seek out and identify any and all cognizable claims of the plaintiff." <u>O'Berry v. State Attny's Office</u>, 241 F. App'x 654, 657 (11th Cir. 2007).

Plaintiff's claims arising out of the searches of his parents' home on November 12, 2010, and February 22, 2012, and for the warrantless tracking of his truck on February 17, 2012, are also plainly time-barred. In the State of Georgia, the statute of limitations for bringing a § 1983 claim is two-years. See Owens v. Okure, 488 U.S. 235, 236, 109 S. Ct. 573, 574, 102 L.Ed.2d 594 (1989), O.C.G.A. § 9-3-33. This limitations period begins to run when "the plaintiff knows or has reason to know (1) that he was injured, and (2) who inflicted the injury." Johnson v. Greaves, 366 F. App'x 976, 978 (11th Cir. 2010) (citing Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). The time for filing Plaintiff's claims thus expired on or before February 22, 2014. Plaintiff's Complaint was mailed to this Court on or about September 8, 2014,[4] well after the expiration of the limitations period; and nothing in the Complaint suggests that the statute of limitations could be equitably tolled. Plaintiff has therefore failed to state a claim. See Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003); Jones, 549 U.S. at 215.

Plaintiff's Fourth Amendment claims for unlawful search and seizure are accordingly **DISMISSED**. See 28 U.S.C. § 1915A(b)(1).

B. Fourth Amendment False Imprisonment

Plaintiff next asserts that the "Lowndes and Echols County Sheriff's Department(s) coerced" three other jurisdictions to issue warrants for Plaintiff's arrest and thereby caused him to be "falsely imprisoned" from November 15, 2010 until May of 2011.

This claim was also filed outside the applicable two-year statute of limitations; the time for bringing this claim expired in May of 2013. Even if the Court were to presume, however, that the statute of limitations for bringing this claim could have potentially been tolled until the last of the charges against him had been dropped on December 7, 2012, see Heck v. Humphrey, 512 U.S.

---

4 A prisoner's complaint is generally deemed filed on the date he signs the document and delivers it to prison officials for mailing. See Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993).

477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994), the statute of limitations would still bar his claims unless Plaintiff showed that "he diligently attempted to file his action within the statutory period, or that he filed his action as soon as he could." Johnson v. Greaves, 366 F. App'x 976, 976 (11th Cir. 2010). Equitable tolling is indeed "an extraordinary remedy" which is typically applied only if the "the claimant 'actively pursued his judicial remedies by filing a defective pleading during the statutory period,' or if his adversary induced or tricked him into filing after the deadline.'" It does not apply "if the [plaintiff's] late filing is a result of his 'failure to exercise due diligence in preserving his legal rights.'" Id. (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990)).

Nothing in Plaintiff's Complaint suggests either that he pursued his judicial remedies by filing a defective pleading during the statutory period, or that Defendants somehow induced or tricked him into filing after the deadline. Nor does the Complaint show that Plaintiff exercised due diligence in preserving his legal rights. The present action was not filed until almost two years after the last of the charges were dismissed.

Furthermore, even if this claim was timely, the vague and conclusory allegations in the Complaint are not sufficient to state a valid Fourth Amendment claim. Plaintiff fails to link any named defendant with the alleged constitutional violation. The ""Lowndes and Echols County Sheriff's Departments[s]" are neither named defendants in this action nor parties that may be sued under § 1983. See Presnell v. Paulding County, Ga., 454 F. App'x 763, 768 (11th Cir. 2011). Plaintiff's allegation that other jurisdictions were somehow "coerced" into issuing arrest warrants "without probable cause" is also no more than a self-serving, un-supported legal conclusion. "[U]nwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd., 297 F.3d 1182, 1188 (11th Cir. 2002).

For these reasons, Plaintiff's false imprisonment claims for are also **DISMISSED**. See 28 U.S.C. § 1915A(b)(1).

C. First Amendment Retaliation

The Court liberally construes Plaintiff's allegations against Detective Alicia Brantley to be a First Amendment retaliation claim. The Complaint states that Plaintiff was told, when visiting the jail on November 14, 2010, that he was not under arrest. Shortly thereafter, Plaintiff allegedly told officers that he intended to speak to an attorney about "the Sheriff's Department's unprofessional and unlawful tactics." Plaintiff was then arrested by Detective Brantley on charges of "theft by receiving stolen property."[5]

For those reasons discussed above, this claim is also time-barred; the time for bringing this claim expired on November 14, 2012. The Court also finds that there are insufficient allegations to support a claim for retaliation. The Complaint does not allege the requisite causal connection between Plaintiff's threat to file suit and his subsequent arrest. See Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). Plaintiff did not make the alleged statement to Brantley; nor did he allege facts to show that she was aware of the statement when he was arrested.

Thus, in the event that Plaintiff brought a First Amendment claim, that claim is **DISMISSED**.

D. Fourteenth Amendment Due Process

Plaintiff's final claim is that "$5,000 in U.S. currency" was stolen and his I-pod was broken while his truck was in the custody of "Lowndes County Detectives" in March of 2013. Plaintiff also alleges that Detectives Winningham and Marion "stole numerous items" from him. The Court construes this as an attempted Fourteenth Amendment due process claim.

---

5 Plaintiff does not allege an absence of probable cause for the arrest. However, any Fourth Amendment claim would also be time-barred.

6

The Fourteenth Amendment does protect Plaintiff from being deprived of his property without due process of law. U.S. Const. amend. XIV, § 1. However, the Due Process Clause is not offended – even if Defendants intentionally deprived Plaintiff of his property – so long as the State makes available a meaningful post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Georgia law provides Plaintiff with an adequate post deprivation remedy for the loss of his property. See O.C.G.A. § 51-10-1; Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991) (finding no procedural due process violation because Georgia "has provided an adequate post deprivation remedy" in O.C.G.A. § 51-10-1); Byrd v. Stewart, 811 F.2d 554, 555 n. 1 (11th Cir.1987) ("The State of Georgia has created a civil cause of action for the wrongful deprivation of property."). Therefore, the taking or destruction of Plaintiff's property, even if intentional, would not support a due process claim.

Any Fourteenth Amendment claim is accordingly **DISMISSED**.

### III.    CONCLUSION

For these reasons, the Court finds that Plaintiff has failed to state a claim for relief under § 1983. The Complaint is accordingly **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

As Plaintiff was previously advised, the dismissal of his Complaint does not relieve his obligation to pay the Court's filing fee. Plaintiff is still obligated to pay the full $350.00 filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). Therefore, in accordance with the Prison Litigation Reform Act, it is now **ORDERED** that Plaintiff's custodian remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit. In

the event Plaintiff is transferred to another institution, his present custodian shall forward a copy of this directive, and all financial information concerning payment of the filing fee and costs in this case, to Plaintiff's new custodian, who shall then continue to collect funds from his account until the full filing fee has been paid.   If Plaintiff is released from custody, he remains obligated to pay any remaining balance due and shall continue to remit monthly payments as required by the Prison Litigation Reform Act.   If Plaintiff fails to remit payments, the balance may be collected by any means permitted by law.

The Clerk is accordingly **DIRECTED** to mail a copy of this Order to the warden and/or business manager of the facility in which Plaintiff is currently confined.

**SO ORDERED** this 10th day of November, 2014.

*s/ Hugh Lawson*
Hugh Lawson, Judge
UNITED STATES DISTRICT COURT

jlr